**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELISSA DALTON,<br><br>               Plaintiff,<br><br>v.<br><br>SUNSTRONG MANAGEMENT LLC;<br>JUNIPER 1 RESIDENTIAL SOLAR,<br>LLC; SIMM ASSOCIATES, INC.;<br>LAUNCH SERVICING, LLC; and DOES<br>1 through 10, inclusive,<br><br>               Defendants. | Case No.: 3:25-cv-01960-W-VET<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION AND STIPULATION TO EXTEND DISCOVERY CUTOFF**<br><br>[ECF No. 27] |

Before the Court is the parties' Joint Motion and Stipulation to Extend Discovery Cutoff. ECF No. 27 ("Joint Motion"). Therein, the parties request to extend the discovery deadline from May 5, 2026 to July 15, 2026. *Id.* at 3. This is the parties' first request to extend case deadlines. Based on a review of the Joint Motion and the record, and for the reasons described below, the Court **DENIES** the Joint Motion **WITHOUT PREJUDICE**.

/ / /

/ / /

## I.    LEGAL STANDARD

In determining whether to modify a scheduling order, the Court considers the "good cause" standard set forth in Federal Rule of Civil Procedure 16(b)(4). Fed. R. Civ. P. 16(b)(4). Pursuant to Rule 16(b)(4), a "schedule may be modified *only* for good cause and with the judge's consent." *Id.* (emphasis added); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("the pretrial scheduling order can only be modified upon a showing of good cause"). Rule 16(b)(4)'s "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Learjet, Inc. v. Oneok, Inc. (In re W. States Wholesale Natural Gas Antitrust Litig.)*, 715 F.3d 716, 737 (9th Cir. 2013). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed. R. Civ. P. 16 advisory committee's notes on the 1983 amendment); *see also Zivkovic*, 302 F.3d at 1087; 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. The focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.*; *Adrian v. OneWest Bank, FSB*, 686 F. App'x 403, 405 (9th Cir. 2017) (applied to joint motions); *Neidermeyer v. Caldwell*, 718 F. App'x 485, 489 (9th Cir. 2017) (moving party did not show good cause when he "offered no explanation for his undue delay").

Further, the required showing of diligence is measured by conduct displayed throughout the period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010); *Krohne Fund, LP v. Simonsen*, 681 F. App'x 635, 638 (9th Cir. 2017); *Lyles v. Dollar Rent a Car, Inc.*, 849 F. App'x 659, 661 (9th Cir. 2021). "If [the moving] party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609; *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017) (same).

Civil Local Rule 16.1(b) also requires that all counsel "proceed with diligence to take all steps necessary to bring an action to readiness for trial." CivLR 16.1(b). Similarly, this Court's Civil Chambers Rules require that any motion to continue a scheduling order deadline include a showing of good cause, supported by a "declaration from counsel that details steps taken by the parties to meet current deadlines and reasons why the parties can no longer meet those deadlines." J. Torres Civ. Chambers R. VI.D.

## II.    DISCUSSION

The parties contend that "good cause" exists for the requested extension. ECF No. 27 at 2. The parties assert only that additional time is necessary to "complete depositions" and "supplemental responses." *Id.* Absent from the Joint Motion are any specific details concerning what discovery has occurred thus far, accompanied by dates as to when that discovery took place, or any explanation as to why, despite the parties' diligence, any remaining discovery cannot be accomplished within the existing deadlines. As such, the Court cannot evaluate whether the parties were diligent in pursuing discovery in the last six months, following issuance of the Court's Scheduling Order (ECF No. 15). The parties' general representations that "good cause" exists, or the request is not for "purposes of delay" does not demonstrate good cause.

Furthermore, the parties failed to comply with the undersigned's Chambers Rules. The parties filed the Joint Motion two days *after* the discovery deadline expired on May 5, 2026 and failed to file a supporting declaration as required by the Court. *See* ECF Nos. 15, 27; *see also* J. Torres Chambers Rules § VI.D.3. The parties are advised to review the undersigned's Chamber Rules prior to filing any future request for an extension.

/ / /

/ / /

/ / /

3

3:25-cv-01960-W-VET

## III.   CONCLUSION

Based on a review of the Joint Motion and the record, and for the reasons described above, the Court **DENIES** the Joint Motion **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: May 8, 2026

_____

Honorable Valerie E. Torres
United States Magistrate Judge

4